IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAREUS McCRAW                                                                                    PLAINTIFF

      v.                           Civil No. 14-5148

SHERIFF TIM HELDER, Washington
County, Arkansas; MECIA HATCHER,
Prosecuting Attorney; THE JUDICIAL
SYSTEM OF WASHINGTON COUNTY;
and THE FAYETTEVILLE PUBLIC
DEFENDER                                                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### 1. Background

According to the allegations of the complaint, in May of 2013, Plaintiff's parole was violated and he was sent to the Arkansas Department of Community Correction's Technical Violators Program (TVP). When he was released from the TVP, Plaintiff was transported to Washington County and arraigned on a drug charge that was later reduced to a misdemeanor charge of possession of a controlled substance. Plaintiff was fined $400 and given ninety days in jail.

Two months after his release, Plaintiff states he was arrested on a failure to appear warrant charging him with a class "D-felony brought on [a] revocation of suspended sentence." Plaintiff alleges that it took ninety days for his public defender to come and tell him that all charges would be dismissed because "it was all [a] mistake."

As relief, Plaintiff seeks damages for false imprisonment, false accusations, false documentation, a violation of the Federal Tort Claims Act, lost wages, and violations of state law. He alleges he suffered mental anguish, personal humiliation, a loss of liberty, and a loss of the quality of his life.

**2. Discussion**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "When we say that a pro se complaint should be given liberal construction, we meant that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered in the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014)(internal quotation marks and citation omitted).

AO72A
(Rev. 8/82)

This case is subject to dismissal. First, Plaintiff's claims against Mecia Hatcher, a prosecuting attorney, are subject to dismissal. The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." Id., 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id., 424 U.S. at 430. See also Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. See also Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Second, no claim is stated against the Judicial System of Washington County. "[S]tate courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment." Mildfelt v. Circuit Court of Jackson County, Mo., 827 F.2d 343, 345 (8th Cir. 1987); see also Benn v. First Judicial Dist., 426 F.3d 223, 240-41 (3d Cir. 2005)(Claims against the state judiciary fail because of Eleventh Amendment immunity); Callahan v. City of Philadelphia., 207 F.3d 668, 673 (3d Cir. 2000)(Judicial system entitled to Eleventh Amendment immunity).

Third, no claim is stated against the Fayetteville Public Defender. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's

AO72A
(Rev. 8/82)

traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. See also Gilbert v. Corcoran, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Fourth, the claim against Sheriff Tim Helder is subject to dismissal. In Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

Baker, 443 U.S. at 145-46.

Plaintiff indicates he was arrested on a failure to appear charge. Plaintiff does not allege that Sheriff Helder, or any other official at the Washington County Sheriff's Department, had any reason to believe the charge was invalid or subject to dismissal. Clearly, no claim is stated.

-4-

Fifth, no claims are stated under the Federal Tort Claims Act (FTCA). The FTCA applies only to claims against the United States. 28 U.S.C. § 1346(b)(1). Neither the United States nor any federal employees are named Defendants in this case.

Finally, to the extent the complaint can be read as asserting any state law claims, I recommend that the Court decline to exercise jurisdiction over them as all federal claims are being dismissed. 28 U.S.C. § 1367.

### 3. Conclusion

For the reasons set forth above, I recommend that this case be dismissed as all federal claims asserted are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time). I further recommend that the Court decline to exercise jurisdiction over any state law claims.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of October 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-5-